UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RASHIR ABNER,

        Plaintiff,

v.

SOMERSET COUNTY JAIL,

        Defendant.

Civ. No. 18-16911 (FLW) (TJB)

**MEMORANDUM OPINION**

**FREDA L. WOLFSON, U.S.D.J.**

## I. INTRODUCTION

Plaintiff, Rashir Abner ("Abner" or "Plaintiff"), is proceeding *pro se* with this Complaint asserting violations of his civil rights under 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) The Court previously granted Abner leave to proceed *in forma pauperis*. (ECF No. 4.) The Court now screens the Complaint under 28 U.S.C. § 1915(e). For the reasons stated herein, Abner's Complaint as a whole is dismissed without prejudice for failure to state a claim upon which relief may be granted, and his claims are dismissed with prejudice insofar as they are asserted against the Somerset County Jail.

## II. PROCEDURAL BACKGROUND

Abner is presently held as a pretrial detainee at the Somerset County Jail, and his claims concern the circumstances of his detention there. (*See* ECF No. 1.) Abner, a practicing Muslim, claims that defendant, the Somerset County Jail, violated his right to free exercise of religion under the First Amendment. (*Id.*) Specifically, Abner challenges the Jail's provisions for Friday and Saturday prayer and alleges that the Jail does not permit community prayer.[1] (*Id.*) He

---

[1] Abner writes, "The [Jail] is supposed to have Friday Prayer on Friday. They send someone who does not follow the same thing as I follow on Saturday. I've never prayed with this person.

further contends that the Jail does not permit inmates to order prayer rugs or prayer oils and restricts the wearing of kufis outside of the inmate day room. (*Id.*) Abner seeks one million dollars in damages and, seemingly, various forms of injunctive relief.

Abner's Complaint was initially terminated because it included neither a filing fee nor an application to proceed *in forma pauperis*. (*See* ECF No. 2.) Abner subsequently submitted a proper *in forma pauperis* application, and the action was reopened. (ECF Nos. 3–4.) The Court now undertakes a screening of Abner's Complaint under 28 U.S.C. § 1915(e)(2)(B).

### III. THE SCREENING STANDARD

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review prisoner complaints when the prisoner is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive the Court's screening for failure to state a claim, the complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks

---

And on Friday at the time of Friday Prayer we have a fellow inmate who gives service on the unit. I have nothing against the brother but I do not know if what he is teaching me is the truth." (ECF No. 1 at 5–6.)

omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Personal involvement by a defendant in an alleged constitutional violation is central to a § 1983 claim, and liability cannot rest on a theory of *respondeat superior*. *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). Pleading supervisory liability generally requires some affirmative conduct by the supervisor, such as a supervisor's implementation or maintenance of a policy, practice, or custom that caused the plaintiff constitutional harm. *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016); *Santiago v. Warminster Township*, 629 F.3d 121, 129 n.5 (3d Cir. 2010).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## IV. ANALYSIS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. That section provides,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

> injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

To establish a violation of the Free Exercise Clause of the First Amendment, a prisoner plaintiff must first show that a prison practice or policy has substantially burdened the practice of the prisoner's religion. *See Robinson v. Superintendent Houtzdale SCI*, 693 F. App'x 111, 115 (3d Cir. 2017). Once a substantial burden on religious exercise is shown, the policy or practice is invalidated if it is not reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89 (1987); *Garraway v. Lappin*, 490 F. App'x 440, 445 (3d Cir. 2012).

Abner names the Somerset County Jail as the only defendant to this action. (*See* ECF No. 1.) Although a county may be liable under § 1983, a county jail is not a proper defendant under § 1983.[2] *See Barrett v. Essex Cty. Corr. Facility*, Civ. A. No. 15-595, 2015 WL 1808523,

---

[2] Even if this Court were to consider the defendant to be Somerset County, a local government entity which may be sued under § 1983, the claim would fail. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Ingram v. Atl. Cty. Justice Fac.*, Civ. A. No. 10-1375, 2011 WL 65915, at *3 (D.N.J. Jan. 7, 2011) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). Here, Abner has not adequately alleged a *Monell* claim against Somerset County.

at *3 (D.N.J. Apr. 16, 2015) ("A county jail, such as the Essex County facility, is not a person subject to suit under § 1983."); *see also Ingram v. Atl. Cty. Justice Fac.*, Civ. A. No. 10-1375, 2011 WL 65915, *3 (D.N.J. Jan. 7, 2011). As such, the Court will dismiss Abner's claims with prejudice as to the Somerset County Jail, as that entity is not a proper defendant to a § 1983 claim.[3] Abner's Complaint makes no mention of any other individual or entity that could potentially be construed as responsible for the acts or policies about which he complains. (*See* ECF No. 1.) For these reasons, to whatever extent Abner seeks to assert a claim against a defendant other than the Jail, it is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

## VI. CONCLUSION

For the reasons explained above, Abner's Complaint as a whole is dismissed without prejudice and his claims insofar as asserted against the Somerset County Jail are dismissed *with prejudice*. Abner has leave to file an amended complaint to include factual allegations that cure the deficiencies identified herein within 30 days from the entry of the accompanying Order.

DATED: April 29th, 2019

*s/Freda L. Wolfson*
FREDA L. WOLFSON
United States District Judge

---

[3] Instead, a plaintiff must sue the specific government officials who allegedly violated his civil rights. Abner should note that government officials may not be held vicariously liable for the actions of their subordinates under a theory of *respondeat superior* in a § 1983 action. *Ashcroft v. Iqbal*, 556 U.S. 662, 675–76 (2009). Municipalities and other municipal defendants likewise cannot be held vicariously liable under § 1983. *Id.* at 676; *see also Monell*, 436 U.S. at 691. Because § 1983 claims do not permit recovery for vicarious liability, Plaintiff must "plead that each Government-official defendant, through the officials own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.